UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARYTHEONA E. RICHMEIER, | ) | No. EDCV 06-274-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 10, 2006, Marytheona E. Richmeier ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits. On or about March 23, 2006, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on September 8, 2006, defendant filed an Answer to Complaint. On November 15, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On May 12, 2004, plaintiff filed her application for supplemental security income.[1] (Administrative Record ["AR"] at 68-72). Plaintiff alleged that beginning on December 31, 1967, she was unable to work because she suffered from burns covering 85 percent of her body. (AR at 87). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 22-23, 34-38, 41-46).

On July 29, 2005, an Administrative Law Judge ("ALJ") conducted a hearing in San Bernardino, California. (AR at 271-332). Plaintiff appeared at the hearing with counsel and testified. (AR at 274-289). Minh Dinh Vu, M.D., a medical expert, and Corrine Porter, a vocational expert, also testified. (AR at 289-319, 319-32).

On October 14, 2005, the ALJ issued her decision denying benefits. (AR at 12-16). In her decision, the ALJ concluded that plaintiff's residual pain from burn scars constituted a severe impairment. (AR at 15). According to the ALJ, however, this impairment neither met nor equaled any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ further concluded that plaintiff, who had no past relevant work, retained the residual functional capacity to perform a wide range of light work. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On October 19, 2005, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 7). On

---

[1] On April 4, 2003, plaintiff filed a prior application for supplemental security income. (AR at 65-67). The application was denied initially and on reconsideration and plaintiff did not appeal. (AR at 20-21, 24-27, 30-33).

January 13, 2006, the Appeals Council affirmed the ALJ's decision. (AR at 4-6).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to properly consider all the available medical evidence.

2. The ALJ failed to properly consider plaintiff's subjective complaints and to properly assess her credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. <u>Bowen</u>, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. <u>Id.</u> at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. <u>Id.</u> at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Id.</u> If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. <u>Id.</u> If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. <u>Id.</u> at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. <u>Id.</u>

**B.    The ALJ's Review of the Medical Evidence**

Plaintiff contends that the ALJ failed to properly consider all the medical evidence. Specifically, plaintiff argues that the ALJ disregarded the medical evidence with respect to plaintiff's burn

4

contractures, which included statements made by treating sources. (Joint Stipulation at 4-5). Plaintiff claims that the ALJ's failure to discuss all of the medical evidence and explain the weight given to treating sources constitutes error.

Plaintiff relies on clinical notes of plaintiff's treating physicians at the Riverside County Regional Medical Center. Specifically, the treatment notes on January 6, 2005, March 14, 2005, May 26, 2005, and June 9, 2005 references plaintiff's skin contractures and resulting pain. (AR at 235, 226, 219, 216). The treatment notes also indicate that plaintiff will require surgery and that she was awaiting clearance from the Medical Indigent Services Program. (AR at 235, 226, 216). In her decision, the ALJ noted that plaintiff "has some residual pain and limitation of motion as a result of multiple skin grafts." (AR at 14). The ALJ did not specifically mention the contractures or the upcoming surgery. Rather, the ALJ noted that the records from the Riverside County Regional Medical Center indicated that plaintiff's pain treatment "showed good range of motion," her primary concern was a right knee sprain, she was treated with mild pain relief medication, and she was noncompliant with medical treatment. (Id.).

While plaintiff's medical records noted that she suffered from contractures and required surgery, none of the physician reports indicated that plaintiff suffered from an impairment that could result in a disabling condition. With respect to her pain, the ALJ acknowledged in her decision that plaintiff suffered from residual pain and limitation of motion. (AR at 14). As noted by the ALJ, however, two consultative examiners, an internist and an orthopedist, and a medical expert all opined that plaintiff was capable of work.

5

(AR at 14, 13). It is well-settled that the opinion of a treating physician is given substantial weight. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991) (attributing substantial weight to treating physician's opinion that plaintiff was not disabled); see also Phoe Shalala, 1994 WL 808132, *3 (S.D. Cal. Dec. 6, 1994) ("[Plaintiff's treating physician] found that plaintiff was neither physically nor mentally disabled. His opinion is entitled to 'substantial weight.'") (citations omitted). "[W]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Here, both consultative examiners based their opinions of nondisability on their own independent clinical findings.[2] Thus, even if the treating physician had opined that plaintiff's contractures were disabling, which he did not, the ALJ did not err in resolving any conflict in favor of the consultative examiners.

Plaintiff, moreover, does not offer any authority to show that the contractures she cited either singly or in combination meet or

---

[2] On October 15, 2003, Adi Klein, M.D., performed an Internal Medicine Evaluation of plaintiff. (AR at 166-70). Dr. Klein concluded that plaintiff had no functional limitations after performing a complete physical and neurological examination of her. (Id.). On February 2, 2004, Laurence Meltzer, M.D., performed a Complete Orthopedic Evaluation of plaintiff and similarly found her to have no functional restrictions. (AR at 176-80). In his examination, Dr. Meltzer took vital signs; examined plaintiff's cervical and thoracolumbar spine and her upper and lower extremities; examined her straight-leg raising, gait, and station; examined her neurological functions, motor strength, and sensation; and measured her pulse, reflexes, and extremities. (Id.).

equal any listing. "The mere existence of an impairment is insufficient proof of disability. 'A claimant bears the burden of proving that an impairment is disabling.'" Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993)(quoting Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985)(internal cite omitted). In the instant case, plaintiff has not established that her contractures constitute disabling impairments. As such, the Court finds that the ALJ did not err in evaluating the medical evidence.[3]

**C. The ALJ's Assessment of Plaintiff's Subjective Complaints**

Plaintiff also contends that the ALJ failed to properly consider plaintiff's subjective complaints. First, plaintiff claims that the ALJ failed to specify which allegations of pain she found not credible. Second, plaintiff contends that the ALJ's analysis of plaintiff's credibility fails to apply the factors mandated by Social Security Ruling 96-7P.

An ALJ need not believe every allegation of disabling pain. See Ortega v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. See

---

[3] To the extent the ALJ's failure to discuss the contractures constitutes error, the Court finds such error to be harmless. See Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 434 (9th Cir. 1988) (applying harmless error standard of review to ALJ's decision and refusing to remand where error was harmless); Curry, 925 F.2d at 1129 (harmless error rules applies to review of administrative decisions relating to disability); Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (adopting rule that evidence is sufficiently material to require a remand "only where there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him.").

7

Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted).

### 1. Specific Reasons for Rejecting Plaintiff's Credibility

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999). Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991). Here, the ALJ cited to plaintiff's conservative medical treatment, her lack of medical compliance, and her normal test results as factors for rejecting her claims of disabling pain. (AR at 14).

### a. Conservative Medical Treatment

The ALJ's first ground for rejecting plaintiff's credibility focused on her conservative medical treatment. (AR at 14). The ALJ noted that plaintiff used mild pain relief medication and physical

therapy. (AR at 14). As such, the ALJ rejected plaintiff's credibility.

An ALJ may reject a claimant's allegations of extreme pain where the patient uses only mild pain medication. See <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1994) (affirming ALJ's decision to reject patient's credibility and noting that plaintiff "has not required prescription pain medication"); <u>see</u> <u>also</u> <u>Tidwell v. Apfel</u>, 161 F.3d 599, 602 (9th Cir. 1998) (rejecting plaintiff's credibility and noting pain did not require prescription medications); <u>Ruiz v. Apfel</u>, 24 F. Supp. 2d 1045, 1048 (C.D. Cal. 1998) (rejecting plaintiff's credibility and stating, "More particularly, [the ALJ] remarked that [plaintiff] had not been prescribed narcotic pain medication, as would be expected if she suffered from intense, chronic pain."); <u>Matthews v. Shalala</u>, 10 F.3d 678, 679-680 (9th Cir. 1993) (permissible credibility factors include limited treatment and minimal use of medications).

The ALJ rejected plaintiff's subjective complaints regarding her disabling pain based on her treatment with Tylenol[4] and physical therapy. According to plaintiff's own testimony at the hearing, her pain medications consisted of Ibuprofen[5] and Tylenol. (AR at 297).

---

[4] Tylenol is used "to relieve mild to moderate pain and to reduce fever." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Tylenol"; then follow "Tylenol Oral" hyperlink).

[5] "Ibuprofen is a nonsteroidal anti-inflammatory drug (NSAID), which relieves pain and swelling (inflammation). It is used to treat headaches, muscle aches, backaches, dental pain, menstrual cramps, arthritis, or athletic injuries. This medication is also used to reduce fever and to relieve minor aches and pain due to the common cold or flu." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Ibuprofen"; follow "Ibuprofen Oral" hyperlink; then follow "Ibuprofen - Oral" hyperlink).

(continued...)

Plaintiff's medical records, however, indicate that plaintiff also took Codeine,[6] Vicodin,[7] Naproxen,[8] and Flexeril,[9] in addition to Tylenol and Iburpofen. (AR at 83, 201, 203, 220, 227, 262). Overall, plaintiff's treatment records indicate that she has taken prescription strength and narcotic pain medications to relieve her pain. Accordingly, substantial evidence does not support the ALJ's decision to reject plaintiff's credibility based on her conservative medical

---

[5](...continued)
Plaintiff also reported taking Motrin, which is a brand name of Ibuprofen.

[6] Codeine Sulfate is a narcotic pain reliever used to treat mild to moderate pain. http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Codeine"; follow "Codeine Sulfate Oral" hyperlink; then follow "CODEINE SULFATE – ORAL" hyperlink).

Codeine Phosphate is used to treat moderate to severe pain. http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Codeine"; follow "Codeine Phosphate Oral" hyperlink). Plaintiff's medical records did specify the type of Codeine prescribed.

[7] Vicodin is "a combination of a narcotic (hydrocodone) and a non-narcotic (acetaminophen) used to relieve moderate to severe pain." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Vicodin"; then follow "Vicodin Oral" hyperlink).

[8] Naproxen is used "to relieve pain and swelling (inflammation) from various conditions. It is used to treat headaches, muscle aches, backaches, tendonitis, dental pain, and menstrual cramps. It also reduces pain, swelling, and joint stiffness caused by arthritis, bursitis, and gout attacks." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Naproxen"; follow "Naproxen Oral" hyperlink; follow "NAPROXEN – ORAL" hyperlink; then follow "Uses" tab). Plaintiff also reported taking Naprosyn, a brand name of Naproxen.

[9] Flexeril is a muscle relaxant used to help "decrease muscle pain and spasms associated with strains, sprains or other muscle injuries." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Flexeril"; then follow "Flexeril Oral" hyperlink).

10

1  treatment.

### b. Lack of Medical Compliance

The ALJ cites plaintiff's failure to comply with treatment recommendations as undermining her credibility. Specifically, the ALJ cites plaintiff's failure to take her medications. (AR at 14). At the hearing, plaintiff testified that she was currently using a month's prescription of Tylenol for the past six months. (AR at 298). Similarly, progress notes also indicate that plaintiff did not comply with taking her hypertension medication. (AR at 219).

An ALJ may cite a claimant's failure to follow a doctor's treatment recommendations as a legitimate reason to discredit the claimant's testimony. See Fair v. Bowen, 885 F.2d at 603 (listing proper reasons to discredit claimant's testimony and stating, "Another such form of evidence is an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"); see also Smolen, 80 F.3d at 1284 (ALJ may rely on claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment"). But, in order to do so, the ALJ must first inquire whether plaintiff would have been able to return to work if plaintiff had followed the prescribed treatment. See Brynes v. Shalala, 60 F.3d 639, 641 (9th Cir. 1995).

Here, the ALJ erred in citing plaintiff's failure to take medications because no evidence in the record conclusively shows that to do so would have restored plaintiff's ability to work. The ALJ merely presumed that plaintiff would have been able to overcome her pain if she had diligently taken her medication. In fact, plaintiff testified that her condition has not improved with medication and that

11

she has a limited range of motion, even while taking medication. (AR at 299). Overall, the ALJ provided an insufficient reason for rejecting plaintiff's credibility based on plaintiff's failure to comply with her medication.

### c. Normal Test Results

Finally, the ALJ appears to reject plaintiff's credibility based on physician reports indicating that plaintiff had a normal range of motion. Such test results, the ALJ suggests, do not support plaintiff's testimony of disabling pain and symptoms.

Internal conflicts in a claimant's statements or testimony support a finding that the claimant lacks credibility. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing claimant's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"). At the hearing, plaintiff testified she had problems with moving her leg, lifting her left arm, and turning her head. (AR at 281). Plaintiff further testified that she experienced pain in her wright wrist, left elbow area, and left leg. (AR at 281-82).

The ALJ, however, cited to test results indicating that plaintiff had a normal range of motion. (AR at 13, 14). On October 15, 2003, Adi Klein, M.D., performed an Internal Medicine Evaluation of plaintiff. (AR at 166-70). Dr. Klein concluded that plaintiff had a "near total preservation of full range of motion" and that she had no functional limitations. (AR at 170). Additionally, on February 2, 2004, Laurence Meltzer, M.D., performed a Complete Orthopedic Evaluation of plaintiff and similarly found her to have no functional restrictions. (AR at 176-80). Finally, the ALJ noted that progress reports from the Riverside County Regional Medical Center showed "good

range of motion." (AR at 14). Indeed, a progress note dated July 22, 2004 indicated that plaintiff's range of motion was "good." (AR at 201). While other progress reports appear to detail some limitations, plaintiff appeared to have a range of motion that would allow her to perform light work.[10] As such, the Court finds that the ALJ's rejection of plaintiff's credibility with respect to her range of motion was supported by substantial evidence.

**2. The ALJ's Compliance with SSR 96-7P**

Plaintiff claims that the ALJ failed to address the factors mandated by Social Security Ruling ("SSR") 96-7p. SSR 96-7p describes the type of evidence that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of plaintiff's subjective complaints. It lists the following factors

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or

---

[10] On February 18, 2004, plaintiff's treating physician reported that she was unable to bend her knees. (AR at 262). In a March 14, 2005 visit, the treating source reported a limited range of motion in plaintiff's left "UE." (AR at 226). In a report dated May 26, 2005, the treating physician noted a limited range of motion in plaintiff's left shoulder. (AR at 219). On June 9, 2005, the treating physician reported that plaintiff was unable to rotate her shoulder backwards. (AR at 216).

13

|   |   |   |
|---|---|---|
| 1 |   | other symptoms; |
| 2 | 6. | Any measures other than treatment the individual |
| 3 |   | uses or has used to relieve pain or other symptoms |
| 4 |   | (e.g., lying flat on his or her back, standing for |
| 5 |   | 15 to 20 minutes every hour, or sleeping on a |
| 6 |   | board); and |
| 7 | 7. | Any other factors concerning the individual's |
| 8 |   | functional limitations and restrictions due to |
| 9 |   | pain or other symptoms. |

SSR 96-7p.

Here, the Court finds that the ALJ sufficiently considered the factors set forth in SSR 96-7p. The ALJ discussed plaintiff's near full range of motion and plaintiff's medical noncompliance affecting her mobility; plaintiff's conservative treatment regarding the type of medication she was taking; and the conservative nature of the treatment plaintiff had undergone. (AR at 14).

In sum, the Court finds that of the several reasons that the ALJ provided for rejecting plaintiff's credibility, the fact that plaintiff's range of motion on test results conflicted with plaintiff's testimony was supported by substantial evidence was constituted a clear and convincing reason.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

14

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 2, 2007

                   /s/
                  JENNIFER T. LUM
                  UNITED STATES MAGISTRATE JUDGE